# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

United States of America,

        *Plaintiff*,

v.                                             Case No.  3:06-cr-174
                                              Judge Thomas M. Rose

Daniel Snow,

        *Defendant*.

---

### ENTRY AND ORDER DENYING MOTION TO SEVER TRIAL, DOC. 392, MOTION TO ENFORCE PLEA AGREEMENT, DOC. 394, AND MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION.  DOC. 393.

---

    Pending before the Court are three motions by Defendant Daniel Snow: a Motion to Sever Trial, Doc. 392; a Motion to Enforce Plea Agreement, Doc. 394; and a Motion to Dismiss for Speedy Trial Violation.  Doc. 393.  The Court will address these motions seriatim.

**Motion to Sever Trial**

    Snow's Motion to Sever Trial admits that Snow, like all co-defendants, is charged with conspiracy to possess and distribute marijuana under Count 1 of the Third superceding indictment.  Snow is also charged with possession of in excess of 100 kilograms of marijuana with intent to distribute under Count 2 and possession of firearms in furtherance of drug trafficking under Count 3.  It is Count 3 which Snow contends warrants a separate trial, as this count is alleged against only Snow and Anthony Bissacco.  Snow contends that "the defense of each to this charge is that the firearms were in the possession of the other.  Doc. 392 at 3.

Severance is within the sound discretion of the district court. *United States v. Caver*, 470 F.3d 220, 238-39 (6th Cir. 2006). Considerations of judicial economy militate in favor a single trial for jointly indicted defendants where the charges against them "will be proved by the same evidence and result from the same acts." *United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004). Joint trials are efficient and avoid multiple, duplicative proceedings. However, Federal Rule of Criminal Procedure 14 authorizes courts to sever a defendant's trial from that of his co-defendants if a joint trial would prejudice his rights. But given the policy preference for joint trials, "a defendant seeking severance ... bears a strong burden and must demonstrate substantial, undue, or compelling prejudice." *United States v. Davis*, 177 F.3d 552, 558 (6th Cir . 1999).

The mere presentation of mutually antagonistic defenses does not require severance. *Zafiro v. United States*, 506 U.S. 534, 538 (1993). "In all but the 'most unusual circumstances,' the risk of prejudice arising from a joint trial is 'outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all.' " *United States v. McClurge*, 311 F.3d 866, 871 (7th Cir. 2002) (quoting *United States v. Blassingame*, 197 F.3d 271, 286 (7th Cir. 1999)). Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; see also *United States v. Carrillo*, 435 F.3d 767, 778 (7th Cir. 2006).

According to the Supreme Court, this is a situation that can be resolved by proper jury instructions:

> [E]ven if there were some risk of prejudice, here it is of the type that can be cured with proper instructions, and "juries are presumed to follow their instructions." *Richardson,* 481 U.S., at 211. The District Court properly instructed the jury that the

> Government had "the burden of proving beyond a reasonable doubt" that each defendant committed the crimes with which he or she was charged. Tr. 864. The court then instructed the jury that it must "give separate consideration to each individual defendant and to each separate charge against him. Each defendant is entitled to have his or her case determined from his or her own conduct and from the evidence [that] may be applicable to him or to her." *Id.*, at 865. In addition, the District Court admonished the jury that opening and closing arguments are not evidence and that it should draw no inferences from a defendant's exercise of the right to silence. *Id.*, at 862-64. These instructions sufficed to cure any possibility of prejudice. See *Schaffer v. United States*, 362 U.S. 511, 516 (1960).

*Zafiro v. United States*, 506 U.S. 534, 540-41 (1993). The Court will give due consideration to any jury instructions the parties propose to address this concern. Wherefore, the Motion to Sever Trial, doc. 392, is **DENIED**.

**Motion to Enforce Plea Agreement**

Defendant's Motion to Enforce Plea Agreement requests the Court to force the Government to renew its offer of a plea agreement that was tendered August 1, 2008, offering an agreement by which Defendant would face a minimum incarceration of five years. Counsel for Defendant asserts that he left this day for an out-of-town vacation. When he called his office on August 5, 2008, he dictated a letter requesting that the offer be extended six days, but this request was denied. A month later, the Government offered a plea agreement by which Defendant faced twice the minimum incarceration. Now, over four months after learning of the Government's decision not to extend the time for accepting the originally offered plea agreement, Defendant requests that the Court mandate that the Government renew it.

The Sixth Circuit views plea agreements as if they were contracts and employs traditional principles of contract law in reviewing them. *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002). Under the principles of contract law, Defendant's proposal that the deadline for acceptance be extended was akin to a counteroffer, which the Government was free to accept or reject. *United States v. Graham*, 278 Fed. Appx. 538, 546, 2008 WL 2092274, *6 (6th Cir. 2008) (citing *Houston Dairy, Inc. v. John Hancock Mut. Life Ins. Co.*, 643 F.2d 1185, 1186 (5th Cir.1981); and Restatement (Second) of Contracts § 70 (1981); 17A Am. Jur. 2d Contracts § 76 (2004)). Indeed, even if Defendant had accepted the Government offer, the Government could still have withdrawn it because, "until accepted by the court, a plea bargain is a mere executory agreement, and is not specifically enforceable." *Robey v. United States*, 815 F.2d 705, 1987 WL 36860, 3 (6th Cir. 1987) (citing *Mabry v. Johnson*, 467 U.S. 504 (1984)). The Court is aware of no rule of contract law that would require the Government to renew its offer. Thus, the Court would deny Defendant's motion, even if it had been made close in time to the Government decision not to extend Defendant's time for accepting it. Defendant's Motion to Enforce Plea Agreement, Doc. 394, is **DENIED**.

**Speedy Trial**

On February 16, 2007, a federal grand jury returned a multi-count indictment that included claims against Daniel Snow. (Doc. 97). Approximately ten days later -- February 26, 2007 -- Mr. Snow made his initial appearance on the indictment. (Doc. 115). Shortly thereafter, the Court set an initial trial date for April 30, 2007. (Doc. 181). On April 13, 2007, Snow's co-defendant Darrel North filed a motion to dismiss the indictment. (Doc. 193). Two days later -- April 15, 2007 -- another co-defendant, Thurman Mayton, filed a similar motion. (Doc. 194). In

light of these motions, the Court vacated the initial trial date and set these matters for hearing on July 25, 2007. On July 25, 2007, the Court conducted a hearing on Mayton's motion2 and established a briefing schedule on the matter with a trial date for all defendants to follow approximately thirty days thereafter -- namely, October 22, 2007. (Doc. 214 and Entry dated 7/25/2007).

On August 18, 2007–during the pendency of briefing on the motion to dismiss–co-defendant Anthony Bissacco filed a motion to continue the trial date. (Doc. 216). After making an ends of justice finding pursuant to 18 U.S.C. § 3161(h)(8)(A), the Court granted the motion and set a new trial date for all defendants, including Mr. Snow, on January 22, 2008. (Doc. entries dated 9/27/2007). After the return of a superceding indictment during November 2007, co-defendants Christopher Decker and Douglas Snow filed motions to continue the January 2008 trial date. (Doc. 262, 264). After making an ends of justice finding pursuant to 18 U.S.C. § 3161(h)(8)(A), the Court granted the motion and set a new trial date for all remaining defendants,
including Mr. Snow, on May 5, 2008. (Docket entry dated 1/16/2008 & 1/28/2008; Transcript of 1/22/2008 hearing).

During March 2008, co-defendant Decker filed another motion to continue the trial date. The Court again made an ends of justice finding pursuant to 18 U.S.C. § 3161(h)(8)(A) and reset the trial date as to all remaining defendants, including Snow, for August 28, 2008. (Docket entry dated 3/5/2008). On August 6, 2008, co-defendant Bissacco's attorney filed a motion to withdraw as counsel as well as a motion for leave to file a motion to suppress. (Doc. 347, 348). During a hearing on these motions, Bissacco moved for a continuance of the trial date as well.

After making an ends of justice finding pursuant to 18 U.S.C. 3161(h)(8)(A), the Court granted the motion to continue and set a new trial date for all remaining defendants, including Snow, for January 12, 2009. (Doc. 349 and Docket entries dated 8/11/2008 & 9/16/2008).  During these hearings, Snow did not object to any of the continuances sought and received by his co-defendants.

Finally, the Court notes that Snow's co-defendant, Jack Reed, remains at large and his whereabouts are unknown.

Under the Speedy Trial Act, a defendant's trial generally must begin no later than 70 days from the date of his initial appearance in the district in which he is charged or the date of the filing of the indictment, whichever is later. See 18 U.S.C. 3161(c)(1).  Certain periods of time are excluded from this calculation, including "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Phrased differently, "where multiple defendants are charged in an indictment and no motion for severance has been granted, only one speedy trial clock governs the action"--namely, that of the latest defendant. *United States v. Culpepper*, 898 F.2d 65, 66 (6th Cir. 1990) Thus, "under section 3161(h)(7), an exclusion [of time under the Speedy Trial Act] as to one defendant applies to all co-defendants." *United States v. Holyfield*, 802 F.2d 846, 848 (6th Cir. 1986).  As a corollary to this rule, "any period of delay resulting from the absence or unavailability of the defendant, defined to include defendants whose whereabouts are unknown and who are attempting to avoid apprehension or prosecution" effectively tolls the speedy trial clock as to all defendants. *United States v. Davenport*, 935 F.2d 1223, 1229 (11th Cir. 1991).

Against this framework, the single speedy trial clock governing this action has not expired. First, co-defendant Jack Reed remains at large and his whereabouts are unknown thereby effectively tolling the speedy trial clock as to all defendants. This fact, standing alone, proves fatal to Snow's motion. Defendant's Motion to Dismiss for Speedy Trial Violation, doc. 393, is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio this Friday, January 9, 2009.


s/Thomas M. Rose

_____

THOMAS M. ROSE

UNITED STATES DISTRICT JUDGE